1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11

| | |
|---|---|
| 12 TOPAZ SYSTEMS, INC., a California corporation, | ) Case No.:  CV11-08929 RZ |
| 13 | ) |
| 14 Plaintiff, | ) **[PROPOSED] STIPULATED** |
| | ) **CONFIDENTIALITY** |
| | ) **AGREEMENT** |
| 15 vs. | ) |
| 16 RIGHT SIGNATURE LLC, a California Corporation, and DOES 1 – 10, | ) |
| | ) |
| 17 Defendants. | ) |
| 18 | ) |
| 19 AND RELATED COUNTERCLAIM. | ) |

20        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule

21   79-5, the Court hereby enters the following Confidentiality Agreement.  This

22   Confidentiality Agreement is issued to facilitate document disclosure and production

23   under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless

24   modified pursuant to the terms set out below, this Confidentiality Agreement shall

25   remain in effect through the conclusion of this litigation.

26        In support of this Confidentiality Agreement, the Court finds that:

27        1.        Documents or information containing or consisting of confidential

28   proprietary and business information and/or trade secrets ("Confidential

Information") that bear significantly on the parties' claims or defenses will be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public dissemination and disclosure of a party's Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     The issuance of the Confidentiality Agreement would protect the respective interests of the parties and facilitate the process of disclosure and discovery in this case, the following Confidentiality Agreement should issue.

IT IS THEREFORE ORDERED THAT:

**1.     Purposes and Limitations**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information in the nature of, but not limited to, non-published financial information, business plans, and strategies, marketing information, sales data, customer lists, and unpublished patent applications, invention disclosures,  proprietary algorithms in unpublished  and  published copyrights, technical drawings, technical plans and flow charts, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Agreement.  The parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.4 below, that this Stipulated Confidentiality Agreement does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets for the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under

seal.

## 2.    Definitions

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Agreement.

2.2    "Confidential" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel:  House counsel that seeks access to "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party:  a Party or Non-Party who designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE".

2.6    Disclosure or Discovery Material:  all items or information, regardless of the  medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a party's competitor.

2.8    "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items", disclosure of which to another Party or Non-Party would create a substantial risk of

serious harm that could not be avoided by less restrictive means.

2.9   "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, unpublished patent applications, invention disclosures, proprietary algorithms in unpublished  and published copyrights, technical drawings, technical plans and flow charts or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10   House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material:  any Disclosure or Discovery material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE".

2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   Scope**

The protections conferred by this Stipulation and Confidentiality Agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Confidentiality Agreement do not cover the following information:  (a)  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality Agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Confidentiality Agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1  including the time limits for filing any motions or applications for extension of time

2  pursuant to applicable law.

3  **5.      Designating Protected Material**

4      5.1      Exercise of Restraint and Care in Designating Material for Protection.

5  Each Party or Non-Party that designates information or items for protection under

6  this Confidentiality Agreement shall take reasonable care that such designation is

7  appropriate for the specific material so designated that qualifies under the appropriate

8  standards.  To the extent practical, the Designating Party should designate for

9  protection only those parts of material, documents, items or oral or written

10  communications that qualify for protection.  If it comes to a Designating Party's

11  attention that information or items that it designated for protection do not qualify for

12  protection at all or do not qualify for the level of protection initially asserted, that

13  Designating Party must promptly notify all other Parties that it is withdrawing the

14  mistaken designation.

15      5.2      Manner and Timing of Designations.  Except as otherwise provided in

16  this Confidentiality Agreement (see e.g., second paragraph of section 5.2(a) below),

17  or as otherwise stipulated or ordered, non-oral Disclosure or Discovery Material that

18  qualifies for protection under this Confidentiality Agreement must be clearly so

19  designated before the material is disclosed or produced.

20      Designation in conformity with this Confidentiality Agreement requires:

21      (a)      for information in documentary form (e.g., paper or electronic

22  documents, but excluding transcripts of depositions or other pretrial or trial

23  proceedings), that the Producing Party affix the legend "CONFIDENTIAL",

24  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY

25  CONFIDENTIAL-SOURCE CODE" to each page that contains the protected

26  material.  If only a portion or portions of the material on a page qualifies for

27  protection, the Producing Party also must clearly identify the protected portion(s)

28  (e.g., by making appropriate markings in the margins) and must specify, for each

1 | portion, the level of protection being asserted.

2 |      A Party or Non-Party that makes original documents or materials available for
3 | inspection need not designate them for protection until after the inspecting Party has
4 | indicated which material it would like copied and produced.  During the inspection
5 | and before the designation, all of the material made available for inspection shall be
6 | deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".  After the
7 | inspecting Party has identified the documents it wants copied and produced, the
8 | Producing Party must determine which documents, or portions thereof, qualify for
9 | protection under this Confidentiality Agreement.  Then, before producing the
10 | specified documents, the Producing Party must affix the appropriate legend
11 | ("CONFIDENTIAL", HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY",
12 | or "HIGHLY CONFIDENTIAL-SOURCE CODE") to each page that contains
13 | Protected Material.  If only a portion or portions of the material on a page qualifies
14 | for protection, the Producing Party also must clearly identify the protected portion(s)
15 | (e.g., by making appropriate markings in the margins) and must specify, for each
16 | portion, the level of protection being asserted.

17 |      (b)    for testimony given in deposition or in other pretrial or trial proceedings,
18 | that the Designating Party identify on the record, before the close of the deposition,
19 | hearing, or other proceedings, all protected testimony and specify the level of
20 | protection being asserted.  When it is impractical to identify separately each portion
21 | of testimony that is entitled to protection and it appears that substantial portions of
22 | the testimony may qualify for protection, the Designating Party may invoke on the
23 | record (before the deposition, hearing, or other proceeding is concluded) a right to
24 | have up to 30 days to identify the specific portions of the testimony as to which
25 | protection is sought and to specify the level of protection being asserted.  Only those
26 | portions of the testimony that are appropriately designated for protection within the
27 | 30 days shall be covered by the provisions of this Stipulated Confidentiality
28 | Agreement.  Alternatively, a Designating Party may specify, at the deposition or up

to 30 days afterwards if that period is properly invoked, that the entire transcript, including exhibits, shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have a prominent legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, as to which it is impractical to place the legend on the item itself, that the Producing Party affix in a prominent visible place the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Confidentiality Agreement for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Confidentiality Agreement.

**6.    Challenging Confidentiality Designations**

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Agreement.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule

79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.   Access to and Use of Protected Material**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Confidentiality Agreement.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Agreement.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     no more than three officers, directors, or employees (including House Counsel) of the Receiving Party to whom disclosure is necessary for this litigation and who have signed the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Confidentiality Agreement) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

1  may not be disclosed to anyone except as permitted under this Stipulated

2  Confidentiality Agreement.

3      (g)    the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information.

5      7.3    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

6  ONLY" and "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items.

7  Unless otherwise ordered by the court or permitted in writing by the Designating

8  Party, a Receiving Party may disclose any information or item designated "HIGHLY

9  CONFIDENTIAL-ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL-

10  SOURCE CODE" only to:

11      (a)    the Receiving Party's Outside Counsel of Record in this action, as well

12  as employees of Outside Counsel of Record to whom it is reasonably necessary to

13  disclose the information for this litigation and who have signed the

14  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

15      (b)    Designated House Counsel of the Receiving Party (1) who has no

16  involvement in

17  competitive decision-making [1], (2) to whom disclosure is reasonably necessary for

18  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be

19  Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph

20  7.4(a)(1), below, have been followed;[2]

21      (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

22  necessary for this litigation, (2) who have signed the "Acknowledgment and

23  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

24  _____

25  [1] As used in this Document at Sections 7.3(b) and 7.4(a)(1), competitive decision making does not
mean providing legal counsel to the Receiving Party based upon information received from access

26  to the Highly Confidential-Attorney Eyes-Only or Highly Confidential-Source Code  disclosures.

27  [2] This Order contemplates that Designated House Counsel shall not have access to any information
or items designated "HIGHLY CONFIDENTIAL-SOURCE CODE".

28

paragraph 7.4(a)(2), below, have been followed;

     (d)     the court and its personnel;

     (e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

     (f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items to Designated House Counsel or Experts.

     (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

     (a)(2)  Subject to paragraph 7.4(b) below, unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Confidentiality Agreement) any information or item that has been designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL-SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY or "HIGHLY CONFIDENTIAL-SOURCE CODE" information that the

Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

(b)     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct person to person or voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of providing that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or

Expert.

**8.     Source Code**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL-SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL-SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in

the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**9.      Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena from a third party or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE", that Party must:

(a)      promptly notify in writing the Designating Party.  Such  notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Confidentiality Agreement.  Such notification shall include a copy of this Stipulated Confidentiality Agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a confidentiality order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE" before a determination

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A Non-Party's Protected Material Sought to be Produced in this Litigation**

(a)    The terms of this Confidentiality Agreement are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL-SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Confidentiality Agreement.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Confidentiality Agreement in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a confidentiality order from this court within 14 days of receiving the notice and accompanying information, the

-17-

1    Receiving Party may produce the Non-Party's confidential information responsive to

2    the discovery request.  If the Non-Party timely seeks a confidentiality order, the

3    Receiving Party shall not produce any information in its possession or control that is

4    subject to the confidentiality agreement with the Non-Party before a determination

5    by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the

6    burden and expense of seeking protection in this court of its Protected Material.

7    **11.    Unauthorized Disclosure of Protected Material**

8            If a Receiving Party learns that it has disclosed Protected Material to any

9    person or in any circumstance not authorized under this Stipulated Confidentiality

10   Agreement, the Receiving Party must immediately (a) notify in writing the

11   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

12   all unauthorized copies of the Protected Material, (c) inform the person or persons to

13   whom unauthorized disclosures were made of all the terms of this Agreement, and

14   (d) request such person or persons to execute the "Acknowledgment and Agreement

15   to Be Bound" that is attached hereto as Exhibit A.

16   **12.    Inadvertent Production of Privileged or Otherwise Protected Material**

17           When a Producing Party gives notice to Receiving Parties that certain

18   inadvertently produced material is subject to a claim of privilege or other protection,

19   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

20   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

21   may be established in an e-discovery order that provides for production without prior

22   privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

23   parties reach an agreement on the effect of disclosure of a communication or

24   information covered by the attorney-client privilege or work product protection, the

25   parties may incorporate their agreement in the stipulated confidentiality order

26   

27   [4] The purpose of this provision is to alert the interested parties to the existence of confidentiality
     rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality.

28

1 submitted to the court.

2 **13.    Miscellaneous**

3      13.1    Right to Further Relief.  Nothing in this Confidentiality Agreement

4 abridges the right of any interests in this court or the right of any person to seek

5 modification of the Confidentiality Agreement by the Court in the future.  By

6 stipulating to this Confidentiality Agreement, the Parties do not waive the right to

7 argue that certain material may require additional or different confidentiality

8 protections than those set forth herein.

9      13.2    Right to Assert Other Objections.  By stipulating to the entry of this

10 Confidentiality Agreement no Party waives any right it otherwise would have to

11 object to disclosing or producing any information or item on any ground not

12 addressed in this Stipulated Confidentiality Agreement.  Similarly, no Party waives

13 any right to object on any ground to use in evidence of any of the material covered

14 by this Confidentiality Agreement.

15      13.3    Export Control.  Disclosure of Protected Material shall be subject to all

16 applicable laws and regulations relating to the export of technical data contained in

17 such Protected Material, including the release of such technical data to foreign

18 persons or nationals in the United States or elsewhere.  The Producing Party shall be

19 responsible for identifying any such controlled technical data, and the Receiving

20 Party shall take measures necessary to ensure compliance.

21      13.4    Filing Protected Material.  Without written permission from the

22 Designating Party or a court order secured after appropriate notice to all interested

23 persons, a Party may not file in the public record in this action any Protected

24 Material.  A Party that seeks to file under seal any Protected Material must comply

25 with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant

26 to a court order authorizing the sealing of the specific Protected Material at issue.

27 Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

28 establishing that the Protected Material at issue is privileged, protectable as a trade

secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.5   Legal Advice Based on Confidential Information.  Nothing in this Confidentiality Agreement shall prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Confidential Information or Attorney's Eyes Only Information, or generally summarizing the content or effect thereof, provided Counsel does not disclose the Confidential Information itself except as provided in this Confidentiality Agreement.

13.6   Successors.  This Confidentiality Agreement shall be binding upon the Parties hereto, their attorneys, successors, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

13.7   Modification by Court.  This Confidentiality Agreement is subject to further court order based upon public policy or other considerations, and the Court may modify this Confidentiality Agreement sua sponte in the interests of justice. The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Confidentiality Agreement.  All disputes concerning Confidential Information, however designated, produced under the protection of this Confidentiality Agreement shall be resolved by the United States District Court for the Central District of California, Western Division.

**14.    Final Disposition**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected

1   Material" includes all copies, abstracts, compilations, summaries, and any other

2   format reproducing or capturing any of the Protected Material.  Whether the

3   Protected Material is returned or destroyed, the Receiving Party must submit a

4   written certification to the Producing Party (and, if not the same person or entity, to

5   the Designating Party) by the 60 day deadline that (1) identifies (by category, where

6   appropriate) all the Protected Material that was returned or destroyed and (2) affirms

7   that the Receiving Party has not retained any copies, abstracts, compilations,

8   summaries, or any other format reproducing or capturing any of the Protected

9   Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

10  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

11  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

12  work product, and consultant and expert work product, even if such materials contain

13  Protected Material.  Any such archival copies that contain or constitute Protected

14  Material remain subject to this Confidentiality Agreement as set forth in Section 4

15  (DURATION).

16

17          *Should any party desire to use protected material in connection with a dispositive motion or at trial, separate application must be made, under the standard that applies in connection with such proceedings.*

18

19  DATED: May 09, 2012          By:_____ _Ralph Zarefsky_ _____

20                                             Hon. Ralph Zarefsky

21  Submitted by:
    Jeffrey G. Sheldon (SBN 67516)

22  jgsheldon@usip.com
    William J. Brutocao (SBN 75959)

23  wjb@usip.com
    Laura M. Lloyd (SBN 242224)

24  laura.lloyd@usip.com
    SHELDON MAK & ANDERSON PC

25  100 Corson Street, Third Floor
    Pasadena, California  91103-3842

26  Telephone: (626) 796-4000
    Facsimile:   (626) 795-6321

27
    Attorney for Plaintiff Topaz Systems, Inc.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Arnold Weintraub
Admitted Pro Hac Vice
aweintraub@weintraubgroup.com
The Weintraub Group, P.L.C.
28580 Orchard Lake, Suite 140
Farmington Hills, Michigan  48334
Telephone: (248) 865-9430
Facsimile: (248) 865-9436

Attorney for Defendant RightSignature LLC

PROPOSED STIPULATED CONFIDENTIALITY AGREEMENT